IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JASON J. HALL, #252 285, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:14-CV-279-MEF |
| | ) | [WO] |
| ROBERT BENTLEY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate housed at the Ventress Correctional Facility ["Ventress"] located in Clayton, Alabama, filed his 42 U.S.C. § 1983 complaint on April 15, 2014. A review of the complaint reflects that Plaintiff complains that his Eighth and Fourteenth Amendment rights are bing violated by systemic deficiencies regarding the conditions of confinement under which inmates are housed at the Ventress Correctional Facility ["Ventress"]. Plaintiff requests trial by jury and seeks damages and declaratory and injunctive relief against Defendants Christopher Gordy - Warden of Ventress, Commissioner Kim Thomas, Governor Robert Bentley, Senator Cam Ward, and Representative Mike Hubbard. Upon review of the complaint, the court concludes that dismissal of Plaintiff's complaint against Defendants Bentley, Ward, and Hubbard is appropriate under 28 U.S.C. § 1915(e)(2)(B).[1]

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

## I. DISCUSSION

Plaintiff brings this complaint alleging his constitutional rights are being violated by systemic deficiencies in existence at the Ventress Correctional Facility resulting in overcrowded conditions. The severe overcrowding at Ventress, Plaintiff claims, impacts living space, hygiene, sanitation, classification, and parole, causes serious insect control issues, and promotes the spread of infectious and communicable diseases. Plaintiff further contends that the institution houses a number of aged and infirm inmates for whom the conditions described pose a significantly higher risk to their health, safety, and well-being. *Doc. No. 1*.

A. *Defendants Bentley, Ward, and Hubbard*

    i. *Official Capacity*

To the extent Plaintiff seeks to sue Defendants Bentley, Ward, and Hubbard in their official capacities, as state officials, these defendants are absolutely immune from suit for damages. *See Harbert Int'l, Inc. v. James,* 157 F.3d 1271, 1277 (11th Cir. 1998) (state officials sued in their official capacities are protected from suit for damages under the Eleventh Amendment). "A state, a state agency, and a state official sued in his official capacity are not 'persons' within the meaning of § 1983, thus damages are unavailable." *Edwards v. Wallace Cmty. Coll.,* 49 F.3d 1517, 1524 (11th Cir. 1995).

    ii. *Individual Capacity*

To the extent Plaintiff seeks to sue Defendants Bentley, Ward, and Hubbard in their

individual capacities, he is entitled to no relief against these defendants in this action. Plaintiff's complaint fails to indicate how these Defendants are personally responsible for the alleged denial of his constitutional rights with respect to the conditions of confinement at Ventress to which he is subjected. Further, the complaint fails to state specific facts describing how any of these defendants violated his constitutional rights; it is not sufficient to merely allege that a defendant violated a constitutional right. It is also not enough to assert in a generalized and conclusory fashion that Alabama's political or state officials have failed to address overcrowding in the prison system nor is the overcrowding of prisons *per se* unconstitutional. *See Rhodes v. Chapman,* 452 U.S. 337, 347–48 (1981) (holding that even a prison at double capacity does not violate the Constitution absent "deprivations of essential food, medical care, or sanitation.").

At best, it appears from a careful reading of the instant complaint that Plaintiff names Defendants Bentley, Ward, and Hubbard as defendants based on a theory of *respondeat superior*. A § 1983 action, however, will not support a claim under this theory. *See Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937 (2009); *Belcher v. City of Foley,* 30 F.3d 1390, 1396 (11th Cir. 1994). In *Iqbal*, the Court clarified that a government official sued in his/her individual capacity for alleged constitutionally tortious behavior cannot be held liable on a *respondeat superior* theory or on the basis of some general connection to allegedly responsible individuals or actions. *Id.* at 676-77 ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat*

3

*superior* .... [A] plaintiff must plead that each Government-official defendant, through the official's own actions, has violated the Constitution .... [P]urpose rather than knowledge is required to impose [constitutional] liability on ... an official charged with violations arising from his or her superintendent responsibilities"); *see also Greason v. Kemp,* 891 F.2d 829, 836 (11th Cir. 1990) (explaining that a supervisor "can be held liable under section 1983 when a reasonable person in the supervisor's position would have known that his conduct infringed the constitutional rights of the plaintiff, and his conduct was causally related to the constitutional violation committed by his subordinate") (citations and footnote omitted). Rather, the language of 42 U.S.C. § 1983 requires proof of an affirmative causal connection between the actions taken by a defendant and the alleged constitutional deprivation. *Swint v. City of Wadley, Ala.*, 51 F.3d 988, 999 (11th Cir. 1995); *Jones v. Preuit & Mauldin*, 851 F.2d 1321 (11th Cir. 1988).

Here, the court finds that Plaintiff's complaint, as pled, against Defendants Bentley, Ward, and Hubbard is premised on no more than these Defendants' supervisory roles in state government. There is no indication much less allegation by Plaintiff of any facts showing purposeful personal involvement by any means by these Defendants. Plaintiff's allegations of constitutional violations at Ventress are, therefore, due to be dismissed against Defendants Bentley, Ward, and Hubbard because Plaintiff has not alleged that these defendants participated in or directed any of the misconduct about which he complains. Without such personal involvement, these defendants may not be held liable. *See Iqbal*, 556

U.S. at 676 ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). Additionally, it is clear that these defendants are not involved in the daily operation of Ventress or any other state correctional facility. Further, Plaintiff fails to allege much less indicate a causal relationship exists between an action undertaken or a policy enacted by Defendants Bentley, Ward, and/or Hubbard and any constitutional deprivation to Plaintiff. Accordingly, Plaintiff's complaint against Defendants Bentley, Ward, and/or Hubbard is due to be dismissed as he has not stated a viable § 1983 claim against them. *See Iqbal,* 556 U.S. at 676-77; *see also Tenney v. Brandhove,* 341 U.S. 367, 372 (1951) (attempt to impose liability on an individual for his or her legislative activities is subject ct to dismissal as the law is well settled that state and regional legislators are entitled to absolute immunity from liability under § 1983 for conduct undertaken in their legislative capacity); *Lake Country Estates, Inc. v. Tahoe Regional Planning Agency,* 440 U.S. 391 (1979).

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's complaint against Defendants Bentley, Ward, and Hubbard be DISMISSED without prejudice pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii);

2. Defendants Bentley, Ward, and Hubbard be DISMISSED as parties to the complaint; and

3. Plaintiff's complaint against Defendants Thomas and Gordy which challenge the alleged systemic unconstitutional conditions of confinement at the Ventress Correctional Facility be referred back to the undersigned for further proceedings.

It is further

ORDERED that on or before **May 14, 2014**, Plaintiff may file an objection to the Recommendation. Any objection filed must specifically identify the findings in the Magistrate Judge's Recommendation to which Plaintiff objects. Frivolous, conclusive or general objections will not be considered by the District Court. Plaintiff is advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 28th day of April 2014.

    /s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE