IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JASON J. HALL, #252 285, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:14cv279-WHA |
| | ) | |
| KIM THOMAS, COMMISSIONER, et al., | ) | (wo) |
| | ) | |
| Defendants. | ) | |

## **ORDER**

On July 7, 2017, the Magistrate Judge entered a Recommendation that the Defendants' Motion for Summary Judgment be granted (Doc. #40). The Plaintiff, Jason Hall, filed an Objection to the Report and Recommendation.

After *de novo* review of the objection and the file in this case, the court finds the Objection to be without merit.

The first ground the Plaintiff advances in support of his objection to the Recommendation concerns the loss and destruction of his legal documents in this case. Due to the loss of these documents, he requests a continuance or stay of summary judgment on any adjudication of the merits of his claims. Plaintiff also maintains he can not sufficiently object to the Recommendation without his documents due to the court's references in the Recommendation to numerous documents in the court file. The citations made in the Recommendation reflect those documents filed in the court record and there has been no showing that the Plaintiff did not have access to that record evidence.

The Plaintiff also contends the court assumed he filed a claim for damages against defendants in their official capacity, but he brought claims against them in their individual capacities. The Magistrate Judge noted in the Recommendation that it was unclear the capacity in which plaintiff brought suit against the defendants and, therefore, addressed the Defendants' liability in both their individual and official capacities. (Doc. #40 at p.1 n.2, p.8).

The Plaintiff objects that his request for declaratory and injunctive relief was not made moot by his transfer from Ventress Correctional Facility because his lengthy prison sentence means that he could be subject to the same conditions at other ADOC institutions as those about which he complained in his Complaint. The allegations in the Complaint, however, were specific to conditions existing at Ventress. "The general rule in our circuit is that a transfer or a release of a prisoner from prison will moot that prisoner's claims for injunctive and declaratory relief." *Smith v. Allen*, 502 F.3d 1255, 1267 (11th Cir. 2007). The events about which the Plaintiff complained in his Complaint occurred at Ventress, an institution from which he was transferred almost three years ago. See Doc. #28. The Plaintiff's arguments as to why this case is not moot are speculative. Because the Plaintiff's "alleged future harm is indeterminate," this objection is without merit. *Smith v. Sec'y, Dep't of Corr.*, 602 Fed.Appx. 466, 469 (11th Cir. 2015).

The Magistrate Judge concluded the Plaintiff lacked standing to bring his Complaint on behalf of other inmates at Ventress. In his Objection, the Plaintiff states that he has standing because the evidence proves the Defendants caused him some actual harm, injury, or threatened injury. The Recommendation addressed standing as it applied to the inability of the Plaintiff to litigate the alleged violation of other inmates' constitutional rights, not his own. This objection, therefore, is without merit.

To the extent that the Plaintiff's Complaint asserted claims based on his fear of conditions, actions, or maladies which could have, but did not, occur during his incarceration at Ventress, the Magistrate Judge concluded that such contentions did not warrant constitutional scrutiny. The Plaintiff's conclusory objection on the ground that he made no speculation about the Defendants' conduct and that the Defendants knew of the conditions about which he complained long before he filed suit does not undermine this determination.

The Magistrate Judge concluded that the Plaintiff failed to show that the Defendants Thomas or Gordy wantonly disregarded or were deliberately indifferent to the Plaintiff's Eighth Amendment rights regarding the conditions at Ventress. The Plaintiff's objection to the finding in the Recommendation that the Defendants are entitled to qualified immunity on his Eighth Amendment conditions claim are either speculative, vague, conclusory, assert new claims not presented in the complaint, or fail to reflect evidence of wanton disregard or deliberate indifference by the Defendants for the reasons explained in the Recommendation.

The Plaintiff also objects to the Magistrate Judge's determination that he failed to demonstrate a violation of his constitutional rights under 28 U.S.C. §§ 1985 and 1986. In support of his Objection, the Plaintiff asserts in a conclusory manner that Defendant Thomas, "in keeping with the intents of the framers of the Alabama Constitution of 1901, to establish white supremacy in the State, violated his Equal Protection . . , and its effects are clearly evidenced by the number of blacks . . and poor whites . . .in jails and prisons." Doc. #43 at 7. Even had the Plaintiff stated a valid Equal Protection violation, the objection is without merit for the reasons stated in the Recommendation.

The Plaintiff's final objection appears to agree that his claims based on a prior injunctive court order do not state a claim, but he states that he believes the facts and evidence in his case prove his rights were violated so that new court orders or decrees should be issued in this case. As explained in the Recommendation, the Plaintiff's claims premised upon prior injunctive orders of the court do not state a claim on which relief may be granted.

Accordingly, it is ORDERED as follows:

1. The court adopts the Recommendation of the Magistrate Judge and the Objection is OVERRULED.

2. The Motions for Summary Judgment (Doc. #14, 30, and 32) are GRANTED.

A separate Judgment will be entered.

DONE this 12th day of September, 2017.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE