IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JASON J. HALL, #252 285, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:14-CV-279-WHA |
| ) | [WO] |
| KIM THOMAS, COMMISSIONER, ) | |
| *et al*., ) | |
| ) | |
| Defendants. ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

### I. INTRODUCTION

In an order of limited remand entered by the United States Court of Appeals for the Eleventh Circuit on February 27, 2018, this court was directed to make a determination resolving the factual question of when Plaintiff Jason Hall delivered to prison authorities for mailing his notice of appeal from the District Court's September 12, 2017, judgment granting Defendants' motion for summary judgment. *Hall v. Thomas, et al*., Court of Appeals Case No. 17-14831-K. The Honorable Harold Albritton, Senior United States District Judge, referred this matter to the undersigned for a Report and Recommendation, pursuant to 28 U.S.C. §636, containing proposed findings of fact on the issue presented by the Eleventh Circuit's limited remand. Doc. 56. In accordance with the court's orders of March 1, 2018, and April 23, 2018, Defendants filed supplemental evidentiary material to assist in resolving this factual question. *See* Docs. 57, 62.

Plaintiff Hall filed this 42 U.S.C. § 1983 action alleging violations of his Eighth and Fourteenth Amendment rights stemming from alleged unconstitutional conditions of confinement at the Ventress Correctional Facility in Clayton, Alabama. On July 7, 2017, the undersigned recommended that Defendants' motion for summary judgment be granted. Doc. 40. On September

12, 2017, the District Judge adopted the undersigned's Report and Recommendation, overruled Hall's objections, and ordered that summary judgment be granted in favor of Defendants. Doc. 46. On the same day, the court entered a final judgment for Defendants. Doc. 47.

On October 27, 2017, the court received and file-stamped a typewritten notice of appeal from Hall dated October 10, 2017. Doc. 48. The envelope containing Hall's notice of appeal was postmarked on October 26, 2017. *Id.* at 3. A "proof of service" attached to Hall's notice of appeal, signed under penalty of perjury, states that Hall mailed a copy of the appeal notice to Defendants' counsel by placing the envelope containing the notice "inside the box marked legal mail outside the Shift Command Office at the Bullock Correctional Facility and using the 'free legal mail system' on the <u>10th</u> day of <u>October</u>, 2017." *Id*. at 2 (emphasis in original).

As explained above, the Eleventh Circuit remanded this matter with the direction to this court to make a factual determination regarding when Hall delivered his notice of appeal to prison authorities for mailing to the Clerk of this Court. The appellate court's order on remand states that

> under 28 U.S.C. § 1746, [Hall] declared that he delivered the [notice of appeal] to prison authorities for mailing to defendant's counsel, and did not refer to the clerk of the district court. And although the envelope filed with the notice of appeal has the district court's address, a stamp, and a postmark for October 26, 2017, the declaration stated that Hall was using the prison's free legal mail system (presumably as opposed to pre-paying for postage) and that he was mailing the filing on October l0. Thus, it is unclear on this record whether Hall delivered the filing for mailing to the district court on October 10 and, therefore, filed his notice of appeal on that date. *See* Fed. R. App. P. 4(c)(l)(A)(i).

Doc. 55 at 2.

On remand, the court entered an order on March 1, 2018, directing Defendants to file supplemental evidence, including affidavits, regarding the free legal mail system at Bullock and the date on which Hall delivered his notice of appeal to prison officials for mailing or placed it in the prison mail system. Doc. 57. Defendants complied with the March 1 order. After review of the

2

information submitted, the court directed the filing of additional evidence, including affidavits and applicable documents, pertaining to inmates' use of the regular outgoing mail system, legal or otherwise. Doc. 62. The court's orders directing the filing of the supplemental evidentiary material gave Hall the opportunity to respond to those submissions. *See* Docs. 57, 62. Hall has filed nothing in response.

## II. DISCUSSION

### A. Mail Procedure

The evidentiary submissions filed by Defendants include an affidavit from Olivia Hicks, the Administrative Support Assistant I/Mail Clerk at Bullock, and a copy of the legal mail log maintained at Bullock for October 2017. Hicks testifies that inmates at Bullock may deposit outgoing mail in one of two boxes. One mailbox is marked "legal mail" and one is marked "Reg. Mail." Inmates may receive two free stamps a month for mailing legal mail. The legal mail box is in front of the Shift Commander's office. Inmates who seek to use the "free mail system" must place their legal mail in the legal mailbox. Inmates who affix their own postage to legal mail may deposit such mail either in the legal mailbox or the regular mailbox. Docs. 61-1, 63-1.

Hicks indicates that "[a]t the time the Plaintiff sent his notice of appeal, mail in the 'Reg. Mail' box was picked up daily, sorted, and placed in the U. S. Mail." Doc. 63-1. Mail placed in the legal mailbox, stamped or unstamped, is picked up every Thursday morning by a correctional officer who delivers the contents to the mailroom. When unstamped legal mail is sorted at the mailroom, the correspondence is listed on the institutional legal log. The legal log includes the name and institutional number of the inmate sending the correspondence, the name and address to which the correspondence is sent, the number of stamps used, and the date the stamps were issued and the correspondence was mailed. Legal mail which goes through this process is mailed out from

3

the institution every Tuesday. Hicks indicates that an item of legal mail deposited in the legal mailbox which already has postage affixed is placed in the U.S. Mail on the same day it reaches her office, as such mail is not weighed, stamped, or checked for sufficient postage. Docs. 61-1, 63-1.

The legal mail log maintained at Bullock during the month of October 2017 reflects that Hall submitted only one piece of un-stamped legal mail during that month. The log shows that on Tuesday, October 31, 2017, Hall was provided one free stamp for legal mail; the mail was addressed to Defendants' counsel at the legal division of the Alabama Department of Corrections in Montgomery, Alabama. Hicks explains that because legal mail is collected from the legal mailbox on the Thursday prior to its being mailed the following Tuesday, Hall would have had to place his unstamped legal mail addressed to ADOC counsel in the legal mailbox between Friday, October 20, 2107, and Thursday, October 26, 2017. Doc. 61-1. Because the log reflects that Hall did not receive a free stamp for the only piece of un-stamped legal mail that he submitted in October until October 31, 2017, and Hicks' affidavit also indicates that this piece of mail was mailed on that date, Doc. 61-1, the mail noted in the log could not have been the same as the notice of appeal mailed to this court with the postmark date of October 26, 2017. Doc. 48 at 3.

Thus, the undisputed evidence reflects that Hall's notice of appeal mailed and addressed to the Clerk of this court was not submitted through Bullock's "free legal mail system." Rather, it had to have been processed as stamped mail, and Hall could have deposited the notice of appeal either in the institution's legal mailbox or the regular mailbox. Based on the procedures in place at Bullock for handling stamped mail, if Hall's notice of appeal were placed in the legal mailbox, and mailed to the Clerk of this court in an envelope with a postmark of October 26, 2017, it would have to have been dropped in that mailbox sometime between October 20, 2017, and October 26,

2017. Alternatively, if Hall placed the notice of appeal in the regular mailbox, it would have been picked up on that same day for sorting and placement in the U.S. Mail, Doc. 63—and, thus, based on the postmark, the notice would have been both dropped and mailed on October 26, 2017. Either way, the notice of appeal was untimely.

**B. Rule 4(c), Federal Rules of Appellate Procedure**

"[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *See Bowles v. Russell*, 551 U.S. 205, 214 (2007). An appellate court is without jurisdiction to entertain and decide an untimely appeal as provided by Rule 4, Fed. R. App. P. *See Id*. With certain exceptions not applicable to this matter, the notice of appeal filed in a civil case as required by Rule 3, Fed. R. App. P., must be filed with the district clerk within 30 days after entry of the judgment or order appealed from—that is, in this case, by October 12, 2017. *See* 4(a)(1)(A), Fed. R. App. P.

In *Houston v. Lack*, 487 U.S. 266, 276 (1988), the Supreme Court established the "prison mailbox rule" by holding that a *pro se* prisoner's notice of appeal will be considered timely if it is given to prison officials for mailing prior to the filing deadline, regardless of when the court itself receives the documents. The prison mailbox rule is codified in Federal Rule of Appellate Procedure 4(c), which provides:[1]

> (1) If an institution has a system designed for legal mail, an inmate confined there must use that system to receive the benefit of this rule 4(c)(1). If an inmate files a notice of appeal in either a civil or a criminal case, the notice is timely if it is deposited in the institution's internal mail system on or before the last day for filing and:
>
>     (A)  It is accompanied by:
>
>         (i)    a declaration in compliance with 28 U.S.C. § 1746—or a notarized

---

[1] Rule 4(c), Fed. R. App. P., was amended effective December 1, 2016.

      statement—setting out the date of deposit and stating that first-class postage is being prepaid; or

 (ii) evidence (such as a postmark or date stamp) showing that notice was so deposited and that postage was prepaid[.]

If Hall satisfies the provisions of Rule 4(c)(1)(A)(i), Fed. R. App. P., the burden shifts to the State to show with appropriate evidence that Hall submitted his notice of appeal at a later date. *See Allen v. Culliver,* 471 F.3d 1196, 1198 (11th Cir. 2006).

  Here, Hall has failed to establish that he filed a timely notice of appeal with this court under Fed. R. App. P. 4(c)(1)(A)(i). His appeal notice is not accompanied by a notarized statement or a declaration under penalty of perjury under 28 U.S.C. § 1746 identifying the date on which he deposited his notice of appeal in the prison's internal mail system for mailing to the district clerk (to whom the notice must be sent), and stating that first-class postage was prepaid. Instead, the "proof of service" attached to Hall's notice of appeal, signed under penalty of perjury, states that Hall "mailed a copy of the enclosed 'Notice Of Appeal' to the defendants counsel, <u>Albert Sim Butler</u>, by placing them in an envelope and placing the same inside the box marked legal mail outside the Shift Command Office at Bullock Correctional Facility and using the 'free legal mail system' on the <u>10th</u> day of <u>October</u>, 2017." Doc. 48 (emphasis in original).

  Additionally, Hall cannot take advantage of Rule 4(c)(1)(A)(ii), Fed. R. App. P. While the envelope in which Hall's notice of appeal was mailed to this court reflects that he used prepaid postage, for the notice to be considered timely filed it had to have been deposited in the institution's internal mail system on or before the deadline for filing and be accompanied by evidence such as a postmark or date stamp indicating that the notice was so deposited. Here, the available evidence does not show that Hall deposited the notice of appeal addressed to this court in Bullock's internal mail system on or before he last day for filing an appeal in this case, whether Hall used the regular

6

mailbox or the legal mailbox.

Because Hall has not met his burden to demonstrate compliance with Rule 4(c)(1)(A)(i) or (ii), Fed. R. App. P., and has not met Rule 4(c)'s general requirement that the notice of appeal must have been deposited in the institution's internal mail system on or before the last day for filing, he has failed to demonstrate that his notice of appeal was timely placed in the institution's regular or legal mail system or given to prison officials for mailing to the Clerk of this court. Alternatively, even if Hall met his threshold burden, the state has established with appropriate evidence that Hall submitted his notice of appeal at a later date than the date reflected on Hall's proof of service.

### III. CONCLUSION

Based on the foregoing, it is the RECOMMENDATION of the Magistrate Judge that Hall should not be afforded the benefit of the prison mailbox rule. His notice of appeal should be deemed to have been filed on October 27, 2017—the date it was received for filing by this court. Therefore, the notice was untimely filed under Rule 4(a)(1)(A), Fed. R. App. P.

The Clerk of the Court is ORDERED to file the Recommendation of the Magistrate Judge and to serve a copy on the parties. The parties may file objections to this Recommendation on or before **July 5, 2018**. Any such objections must identify the specific factual findings and legal conclusions in the Magistrate Judge's Recommendation to which the party objects.   The District Judge will not consider frivolous, conclusory, or general objections.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Judge of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon

grounds of plain error if necessary in the interests of justice.  11th Cir. R. 3-1; *see Dupree v. Warden*, 715 F.3d 1295 (11th Cir. 2013).

    Done, on this the 21st day of June, 2018.

                                                  /s/ Susan Russ Walker_____
                                                  Susan Russ Walker
                                                  United States Magistrate Judge